**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
HENRY R TERRY,
Member of HMW GROUP, LLC,

                         Petitioner,

             - against -

WAYNE CARAVELLO and
MARK JURLANDO, Members of the
HMW Group LLC, and JTC WORKS LLC,

                      Respondents.
---------------------------------------------------------------X

**REPORT AND
RECOMMENDATION**

CV 09-3173 (JS) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**      P<small>RELIMINARY</small> S<small>TATEMENT</small>

Petitioner Henry R. Terry, appearing *pro se*, commenced this action against Respondents

Wayne Caravello and Mark Jurlando (together, "Respondents") to vacate an award issued in the

arbitration entitled *Henry R. Terry v. Wayne Caravello and Mark Jurlando*. *See* Pet. to Vacate

Arbitration Award ("Pet.") [DE 1].[1]  Plaintiff filed this action pursuant to the Federal Arbitration

Act, 9 U.S.C. § 1, *et seq.* ("FAA"), alleging, *inter alia*, that the Award should be vacated on the

grounds set forth in Section 10 of the FAA, including that (1) the Award is contrary to public

policy, and (2) the Arbitrator refused to hear evidence material to the controversy, was partial

toward Respondents, did not permit Petitioner to submit pretrial statements, and committed

misconduct, thereby prejudicing Petitioner's rights.  *See* DE 1.  Terry subsequently filed an

Amended Petition to Vacate the Arbitration Award [DE 15] ("Am. Pet."), which contains

substantially similar claims regarding violations of the FAA.

---
[1]      A copy of the Arbitration Award is annexed to the Motion to Vacate.

Respondents move (1) to dismiss the Amended Petition for lack of subject matter jurisdiction; (2) to impose sanctions upon Petitioner pursuant to Rule 11 for commencement of a federal action without federal jurisdiction; and (3) for an assessment of attorneys' fees and costs against Petitioner.  *See* DE 19.  Judge Feuerstein has referred (1) Petitioner's Amended Petition to Vacate the Arbitration Award and (2) Respondents' Motion to Dismiss to me for Report and Recommendation.  After reviewing in detail the parties' submissions and the applicable case law, as well as for the reasons set forth below, I respectfully recommend to Judge Feuerstein that Respondents' Motion to Dismiss be GRANTED, in part, to the extent it seeks dismissal of the Amended Petition for lack of subject matter jurisdiction, and DENIED in all other respects.  I further respectfully recommend that the Amended Petition to Vacate be DENIED and that this action be dismissed.

II.    BACKGROUND

    A.    Alleged Facts[2]

Petitioner Henry R. Terry ("Terry" or "Petitioner") and Respondents Wayne Caravello ("Caravello") and Mark Jurlando ("Jurlando") (Caravello and Jurlando together, "Respondents") entered into agreements to form two limited liability companies, HMW Group, LLC ("HMW") and JTC Works LLC ("JTC"), both of which were engaged in the business of buying, selling and renting properties in New York State.  Am. Pet., ¶¶ 9-13; Affirm. of Constantine C. Giannakos, Esq. in Supp. of Mot. to Dismiss [DE 19] ("Giannakos Affirm."), Ex. H.  Terry, Caravello and

---

[2]    The information in this section is drawn from the Amended Petition to Vacate and is assumed to be true for purposes of this motion.  *See City of Edinburgh Council v. Vodafone Group Pub. Co.*, 07 Civ. 9921, 2008 WL 5062669, at *1 (S.D.N.Y. Nov. 24, 2008) (citing *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

Jurlando established HMW on April 14, 2003 and executed the HMW Group LLC Limited

Liability Company Operating Agreement ("HMW Operating Agreement") on June 15, 2003.  *Id*.,

¶¶ 13, 17, 35.[3]  According to Petitioner, on or about June 15, 2007, he and Respondents

unanimously voted to dissolve HMW.  *Id*., ¶ 79.  Petitioner further alleges that on or about

September 12, 2007, Respondents, without Petitioner's consent, discontinued the dissolution

agreement and subsequently opened a secret bank account "to continue to collect HMW rents

from HMW properties and allegedly continue to pay themselves."  *Id*., ¶ 80.

Terry, Caravello and Jurlando also formed JTC, and executed the JTC Limited Liability

Company Operating Agreement ("JTC Operating Agreement") on or about April 7, 2005.  *Id*.,

¶¶ 39.[4]  On a date prior to May 2006, Petitioner sold his interest in JTC to Respondents.  *Id*.,

¶ 141.  Both the HMW Operating Agreement and the JTC Operating Agreement contained a

dispute resolution clause requiring "any claim controversy or dispute aris[ing] out of, or in

connection with, this Agreement" to be submitted "to binding arbitration."  HMW Op. Ag., Art.

VII, ¶ 7; JTC Op. Agr., Art. VII, ¶ 7.

---

[3]     A copy of the HMW Operating Agreement is annexed as Exhibit D to the Giannakos
Affirmation [DE 19], and citations to that Agreement are referred to here as "HMW Op. Agr."
As discussed further below, under the applicable law, the Court may consider the HMW
Operating Agreement in determining Respondents' Motion to Dismiss even though the HMW
Operating Agreement was not submitted as part of the pleadings.  *See Morrison v. Nat'l
Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) ("In resolving a motion to dismiss for lack
of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside
the pleadings.").

[4]     A copy of the JTC Operating Agreement is annexed as Exhibit E to Respondents' Motion
to Dismiss [DE 19], and shall be referred to as "JTC Op. Agr."  As stated in the previous
footnote, the Court may consider the JTC Operating Agreement even though it was not submitted
as part of the pleadings.

On February 8, 2008, Petitioner filed a Demand for Arbitration before the AAA, as against Respondents in the arbitration entitled *Henry R. Terry v. Wayne Caravello and Mark Jurlando*. Am. Pet., ¶ 32; DE 19, Ex. H. In the Demand, Terry alleged that "[t]he disputes arise out of violations of the [HMW] Operating Agreement . . . by Jurlando and Caravello[,]" and that "[t]he nature of the dispute involves real estate and limited liability partnership law. . . ." Giannakos Affirm., Ex. H. Terry requested that the AAA tribunal "ascertain if illegal acts have occurred and whether this constitutes a breach of fiduciary responsibility or acts which qualifies and warrants the removal of Jurlando and/or Caravello from general partners, or managing partners to limited partners." *Id*. Subsequently, Robert Ganz was assigned as the Arbitrator. Am. Pet., ¶ 1.

Respondents served their Answering Statement and Counterclaims on June 2, 2008. *Id*., ¶ 84. Petitioner alleges that, "[o]n or about June 15, 2008, [he] filed answer to Respondents' AAA Answering Statement and Counterclaims." *Id*., ¶ 85. Petitioner further asserts that "[o]n or about July 16, 2008, the Arbitrator determined that there was no need for the Petitioner to file an answer to Respondents' counterclaims prior to the Arbitration Hearing and refused to allow the Petitioner to file his answer to Respondents' Counterclaims . . . demand[ing instead] that the Petitioner wait on until the first day of the Arbitration Hearing to present his answer and defense against counterclaims." *Id*., ¶ 86. On August 20, 2008, Petitioner served upon Respondents a list of records which were not produced during discovery prior to the Arbitration hearing but which, according to Petitioner, should have been produced. Giannakos Affirm.., Ex. H. Petitioner also contends that on October 3, 2008, during a conference, the Arbitrator requested additional compensation. Am. Pet., ¶ 99.

The arbitration hearing was held on March 9, 10 and 12, 2009. *Id.*, ¶ 33. Plaintiff alleges that on or about March 9, the Arbitrator ruled that Petitioner's Amended Complaint "was barred,"[5] and allowed Respondents "to amend their counterclaims, to withdraw counterclaims, and to submit new counterclaims. . . ." *Id.*, ¶ 87. Petitioner further contends that the Arbitrator denied his request for an adjournment "for time to study and object to the Respondents' counterclaims presented at the Arbitration Hearing" (*id.*, ¶ 88), precluded him from submitting a motion to dismiss, and barred his answer to Respondents' counterclaims because it was untimely (*id.*, ¶¶ 90, 94).

On April 27, 2009, the Arbitrator issued an Award finding in favor of Respondents and (1) distributing the real properties owned by HMW among the Petitioner and Respondents, (2) appointing Caravello as the member to effect the dissolution of HMW, and (3) setting forth specific directives for such dissolution. *See* Pet., Ex. 1.

**B.** **Procedural History**

On July 23, 2009, Petitioner initiated this action by filing a Motion to Vacate the Arbitration Award. *See* DE 1. By motion dated September 8, 2009, Respondents sought to "remove" the action to New York State Supreme Court, Nassau County, and to extend Respondents' time to answer the Petition in this action. *See* DE 10. Judge Feuerstein referred Respondents' Motion to me for a Report and Recommendation. By Report dated November 16, 2009, I recommended that Respondents' motion be denied in its entirety. *See* DE 28. None of

---

[5]     Respondents, on the other hand, contend that the Arbitrator allowed Terry to file his amended complaint and "held nearly a full day of hearings during which he allowed Mr. Terry to read the amended complaint and to address the Arbitrator at length regarding the claims asserted in it." Caravello Reply Aff., ¶ 22(c).

the parties filed any objection to the Report and Recommendation and by Order dated January 13, 2010, Judge Feuerstein adopted the Report and Recommendation in its entirety. *See* DE 31. Judge Feuerstein also referred Petitioner's Motion to Vacate the Arbitration Award to me for a Report and Recommendation. In my Report dated February 10, 2010, I recommended that Petitioner's Motion be deemed moot since Petitioner had filed an Amended Petition to Vacate alleging substantially similar claims. *See* DE 32. None of the parties filed any objection to the Report and Judge Feuerstein adopted the Report in its entirety. *See* DE 35.

In the meantime, during a status conference before me on November 3, 2009, Plaintiff advised that he intended to submit an amended petition to vacate the arbitration award. In the Civil Conference Minute Order for the November 3, 2009 status conference, I noted that Respondents had not yet answered the Complaint and, consequently, under the Federal Rules of Civil Procedure, Petitioner could still amend his pleading as of right. *See* DE 18, ¶ 2. On the same date, Plaintiff filed an Amended Motion to Vacate the Arbitration Award [DE 15], alleging, *inter alia*, that the Arbitration Award should be vacated on the grounds set forth in Section 10 of the FAA, including that (1) the Award is contrary to public policy (Am. Pet., ¶¶ 67-83); (2) the arbitrator refused to hear evidence pertinent and material to the controversy by which Plaintiff's rights were prejudiced (*id*., ¶¶ 118-122); (3) the arbitrator was partial in favor of Respondents in the arbitration (*id*., ¶¶ 84-96); (4) the arbitrator would not allow Plaintiff to submit pretrial statements (*id*., ¶¶ 97-98); and (5) the arbitrator committed misconduct which prejudiced Plaintiff's rights (*id*., ¶¶ 99-100).[6]

---

[6] Plaintiff's allegations regarding violations of the FAA contained in the Amended Petition are substantially similar (albeit amplified) to the claims alleged in the original Motion to Vacate. *See* DE 32 (comparing the two Petitions).

Shortly thereafter, Respondents filed a motion to dismiss, as part of which they submitted a Notice of Motion [DE 19]; the Affirmation of Constantine Giannakos, Esq., counsel for Defendants [DE 19] ("Giannakos Affirm."), to which numerous exhibits are annexed [DE 19-20, Exs. A-M], including the Affidavits of Respondents Wayne Caravello ("Caravello Aff.") and Mark Jurlando ("Jurlando Aff.") [DE 19, Exs. F, G], and a Memorandum of Law in Support of the Motion to Dismiss [DE 19] ("Resp't Mem.").  Respondents also submitted the Reply Affirmation of Constantine Giannakos, Esq. [DE 22] ("Giannakos Reply Affirm."); the Reply Affidavit of Wayne Caravello [DE 22] ("Caravello Reply Aff."), to which several exhibits are annexed [DE 22, Exs. A-E]; and the Reply Memorandum of Law, all in further Support of Respondents' Motion to Dismiss [DE 22] ("Resp't Reply Mem.").  In opposition, Petitioner has submitted an Affidavit [DE 21] ("Terry Aff.")[7] and a Memorandum of Law in Opposition to Respondents' Motion to Dismiss Petition to Vacate the Award [DE 21] ("Pet.'s Mem.").  The Court has carefully considered all of the parties' submissions.

## III.    STANDARD OF REVIEW

Respondents move for dismissal of Terry's Amended Petition to Vacate the Award for lack of subject matter jurisdiction.  *See* DE 19; *see also* Giannakos Affirm., ¶ 3; Resp't Mem. at 5.  Although Respondents do not specify the statute or rule pursuant to which they seek relief, in

---

[7]    Respondents object to Terry's Affidavit on the grounds that although it is formatted as an affidavit, it is "unsworn on the signature page."  Caravello Reply Aff., ¶ 27.  The Court notes, however, that at end of the Affidavit, there is a "Verification" section signed by Terry and followed by the signature and stamp of a Notary Public who is qualified in Suffolk County.  *See* Terry Aff. [DE 21].

light of the circumstances presented, it is clear that Respondents are moving under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[8]

"Determining the existence of subject matter jurisdiction is a threshold inquiry and a claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295 (2d Cir. 2000) ("dismissal is mandatory" when subject matter jurisdiction is lacking). A plaintiff asserting subject matter jurisdiction bears the burden of proving by a preponderance of the evidence that such jurisdiction exists. *See Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In considering a motion to dismiss under Rule 12(b)(1), "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff . . . but jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison*, 547 F.3d

_____

[8]     The Motion to Dismiss is designated on the docket as a "First MOTION for Summary Judgment" [DE 19], and in their papers, Respondents twice refer to the standard for summary judgment (*see* Resp't Mem. at 11 (in opposition to Pet.'s Cross-Motion to Disqualify Resp't counsel); Resp't Reply Mem. at 7). However, during a conference held prior to the parties' briefing of this motion, counsel for Respondents advised the Court that he intended to make a motion to dismiss and the Court set a briefing schedule for that motion. The subsequent Civil Conference Minute Order clearly indicates that the briefing schedule is for Respondents' (though referred to as Defendants in the Order) proposed motion to dismiss. *See* DE 12, ¶ 2. Furthermore, Respondents refer to this Civil Conference Minute Order "setting the briefing and filing schedule for this Motion[,]" (Giannakos Affirm., ¶ 22), and annex the Order as Exhibit M to the Giannakos Affirmation (though the Order is, presumably inadvertently, referred to as Exhibit "L"). In addition, Respondents have not included any Rule 56.1 Statement or proof of compliance with Local Rule 56.2 regarding notice to *pro se* plaintiffs. Accordingly, the Court, in its discretion, finds that Respondents' Motion is properly considered a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and will analyze it as such.

at 170 (citations and internal quotation marks omitted); *Giardina v. Nassau County*, No. 08-CV-2007, 2009 WL 910386, at *5 (E.D.N.Y. Mar. 31, 2009) (the court accepts "as true all material factual allegations in the complaint, but [it is] not to draw inferences from the complaint favorable to plaintiffs") (quoting *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)). Further, a district court may "look beyond the allegations of the complaint and examine evidence outside the pleadings." *Leonard J. Strandberg & Assocs. v. Misan Constr. Corp.*, No. 08 CV 2939, 2010 WL 565485, at *3 (E.D.N.Y. Apr. 19, 2010) (quoting *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007) (internal quotation marks omitted)). Although courts "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue," they may not "rely on conclusory or hearsay statements contained in the affidavits." *Giardina*, 2009 WL 910386, at *5 (citation omitted).

Where, as here, a plaintiff is proceeding *pro se*, the court "is obliged to construe his pleadings liberally." *Giardina*, 2009 WL 910386, at *6 (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008)); *see also Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002) (holding that when plaintiff is appearing *pro se*, the Court shall "construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests.") (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks omitted).

IV. **DISCUSSION**

In the Amended Petition, Petitioner asserts that this Court has subject matter jurisdiction based upon federal question jurisdiction, diversity, and admiralty law. Am. Pet., ¶¶ 6, 38, 43, 44. The Court will analyze each of these in turn.

A.    **The Parties To the Action**

First, however, the Court must address the identities of the actual parties in this case.  The

Amended Petition is designated as "In the Matter of Arbitration between HENRY R. TERRY,

Member of HMW GROUP LLC, Petitioner, and WAYNE CARAVELLO and MARK

JURLANDO, Members of the HMW GROUP LLC, and JTC WORKS LLC, Respondents."  *See*

DE 15.  Respondents appear to argue that Terry brings this case in his capacity as a member of

HMW Group, rather than in his individual capacity.  For example, in the Memorandum of Law,

Respondents contend that "Petitioner has no standing to sue as a member of HMW, LLC[,]"

because HMW has been dissolved.  *See* Resp't Mem. at 10.  The Court does not, however,

understand Terry to be bringing this suit in his capacity as a member of HMW Group.  Terry

confirms this point in his Affidavit in Response to Respondent's Motion to Dismiss Petition to

Vacate Award ("Terry. Aff.") [DE 21], in which he avers as follows:

- "I bring this action on my behalf and I am not bringing this action on behalf of HMW."  Terry Aff., ¶ 13.

- "The Caption identifying the Petitioner above, as an individual is sufficient to bring this law suit."  *Id*.  ¶ 14.

- "Any further identifying remarks placed after a comma in the caption, i.e. [t]hat I am and/or was a Member of HMW, does not limit my capacity to bring this law suit, in this instant, as an individual."  *Id*., ¶ 15.

- "The Petitioner is bringing this action in his individual capacity and nowhere in his motion to vacate the award does he say he is brining this complaint in his capacity as Member of HMW Group LLC ('HMW').  The title 'HMW Member' does not deny the Petitioner a right, as an individual, to bring his motion to vacate the award forward."  Pet.'s Mem. at 4.

Reading the pleadings liberally, the Court finds that Terry brings this action in his individual

capacity and is suing Respondents in their individual capacities.  Accordingly, there are three

parties in this case:  (1) Henry Terry, Petitioner, (2) Wayne Caravello, Respondent, and (3) Mark

Jurlando, Respondent -- all of whom appear in their individual capacities.

**B.**     **The Jurisdictional Issues**

*1.*     *Federal Question Jurisdiction*

In a section labeled "Subject Matter Jurisdiction," Petitioner argues that jurisdiction "is

invoked under" the HMW Operating Agreement, the FAA, the "Federal Uniform Commercial

Code," interstate commerce, international treaties, and "the Constitution, laws, or treaties of the

United States."  Here the Court understands Petitioner to be arguing in favor of federal question

subject matter jurisdiction under 28 U.S.C. § 1331.  Specifically, Petitioner asserts the following:

> The parties to this matter executed consent to enable federal
> jurisdiction when they executed the arbitration agreements and
> consented to the [] AAA rules of commercial disputes.  Moreover,
> when the Petitioner and Respondents, then Members of HMW,
> signed the HMW Operating Agreement they signed that "The
> Members understand that should any claim controversy or dispute
> arise out of, or in connection with this Agreement the matter may
> be submitted by any Member to binding arbitration, commercial
> arbitration rules of the Forum."

Am. Pet., ¶ 36.  Terry further contends that this Court has subject matter jurisdiction pursuant to

the FAA and the Federal Uniform Commercial Code, which he claims was breached "[w]hen the

Arbitrator allowed oral agreements to supersede[] the HMW Operating Agreement[,] thereby

"exceed[ing] his powers" under the FAA.  *Id.*, ¶ 71.

Under the applicable statute, district courts "have original jurisdiction of all civil actions

arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331(a).

Although the FAA is a federal statute, "[a] motion to vacate an arbitration award under the FAA

does not, by itself, confer subject matter jurisdiction on the federal district courts."  *Nicholls v.*

*Brookdale Univ. Hosp. & Med. Ctr.*, 05-CV-2666, 2005 WL 1661093, at *4 (E.D.N.Y. Jul. 14, 2005) (citing *Southland Corp. v. Keating*, 465 U.S. 1, 16 n. 9 (1984); *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983); *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 25 (2d Cir. 2000)); *see also McCarthy v. Smith Barney Inc.*, 58 F. Supp. 2d 288, 291 (S.D.N.Y. 1999) (the FAA "does not itself afford the federal courts any basis for asserting subject matter jurisdiction"). Rather, there must be "an independent basis of jurisdiction," such as diversity of citizenship or the existence of a federal question. *Nicholls*, 2005 WL 1661093, at *4 (quoting *Harry Hoffman Printing. Inc. v. Graphic Commc'ns, Int'l Union*, 912 F.2d 608, 610-611 (2d Cir. 1990)); *Giardina*, 2009 WL 910386, at *7 ("Petitions to compel arbitration must be brought in state court unless some other basis for federal jurisdiction exists, such as diversity of citizenship or assertion of a claim in admiralty.") (citation omitted). The Supreme Court has explained that "[t]he Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25 n.32 (quoted in *Harry Hoffman Printing. Inc.*, 912 F.2d at 611) (additional citations omitted).

In the instant case, Petitioner asserts the existence of jurisdiction on the grounds that, *inter alia*, he has brought this action to vacate the Arbitration Award under Section 10 of the FAA and that he, Caravello and Jurlando entered into the HMW Operating Agreement, which contains a clause obligating the parties to bring a dispute arising under the Agreement to arbitration. *See* Am. Pet., ¶ 36; Terry Aff., ¶¶ 28-29, 71. Petitioner further contends that this Court has jurisdiction because HMW -- the company at issue in the underlying arbitration, to the

extent that Petitioner brought the arbitration against Respondents for their alleged breaches of the

HMW Operating Agreement (Am. Pet., ¶ 67), and of which each party in this action was a

member (*id.*, ¶¶ 10-11) -- engaged in interstate and foreign commerce (*id.*, ¶¶ 43-49; Terry Aff.,

¶ 38), "contemplated" interstate commerce (Pet.'s Mem. at 7), participated in "federally

sponsored housing grants and contracts" and "accepted numerous mortgages underwritten by the

Federal government" (Am. Pet., ¶¶ 50-51; Terry Aff., ¶¶ 47-48; Pet.'s Mem. at 8). Petitioner

also maintains that subject matter jurisdiction exists because

> as a result of Respondents' wrongdoing, [Petitioner] lost his
> capacity to further participate in interstate commerce,
> continue to invest in real estate and continue to participate
> in the Federal programs for Housing and Urban Development.
> The loss from Respondents' behavior truncated the petitioner's
> ability to [] further engage in interstate commerce."

Am. Pet., ¶ 52; *see also* Terry Aff., ¶ 49. Petitioner further asserts that "'subject matter

jurisdiction' is invoked under acts international treaties" (Terry Aff., ¶ 40), and on the grounds

that the Arbitrator violated the FAA in the way he conducted the Arbitration, including violations

of public policy and federal law such as the "Federal Uniform Commercial Code" (Am. Pet.,

¶ 71; 73-98; Terry Aff., ¶¶ 55-59).

These assertions are not, however, sufficient to establish federal question subject matter

jurisdiction. First, "[i]t is well settled that the FAA, including section 10, does not confer subject

matter jurisdiction on a district court." *Perpetual Secs ., Inc. v. Yu Min Wang*, 99 Civ. 335, 1999

U.S. Dist. LEXIS 12639, at *2 (S.D.N.Y. Aug. 16, 1999) (citing *United States v. American Soc.*

*of Composers, Authors & Publishers*, 32 F.3d 727, 731 (2d Cir. 1994); *Harry Hoffman Printing,*

*Inc.*, 912 F.2d at 611). In other words, for an action brought under Section 10 of the FAA to be

properly filed in federal court, such as the instant action, there must exist "an independent jurisdictional basis," other than the FAA. *Hall Street Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008). "Simply raising federal-law claims in the underlying arbitration is insufficient to supply this independent basis." *Greenberg*, 220 F.3d at 26 (internal quotation marks omitted). "Rather 'federal jurisdiction may still lie [only] if the ultimate disposition of the matter by the federal court necessarily depends on resolution of a substantial question of federal law.'" *Bittner v. RBC Capital Mkts.*, 331 Fed. Appx. 869, 870 (2d Cir. 2009) (quoting *Greenberg*, 220 F.3d at 26). The fact that HMW may have engaged in or contemplated engaging in interstate or international commerce (a point which Respondents vigorously dispute),[9] or that HMW obtained contracts from federal agencies, does not provide the requisite independent basis for this Court's exercise of federal question subject matter jurisdiction. The Amended Petition does not contain allegations which would require the Court to resolve a question of federal law. *See Hall Street Assocs., LLC* , 552 U.S. at 581-82; *see also Romano v. Kazacos,* 609 F.3d 512, 518 (2d Cir. 2010) ("Whether federal courts have federal question jurisdiction over an action is typically governed by the 'well-pleaded complaint' rule, pursuant to which federal question jurisdiction exists only if 'plaintiff's statement of his own cause of action shows that it is based' on federal law.") (quoting *Vaden v. Discover Bank*, 129 S. Ct. 1262, 1275 (2009)); *Bittner*, 331 Fed. Appx. at 870 (affirming dismissal of petition for vacatur of arbitration award for lack of subject matter

---

[9]      The parties vigorously dispute whether HMW did, in fact, engage in interstate and/or international commerce. *See, e.g.*, Terry Aff., ¶¶ 10, 42-46; *but see* Caravello Aff., ¶¶ 13-17; Jurlando Aff., ¶¶ 13-17; Resp't Mem. at 9; Caravello Reply Aff. ¶¶ 7-14, 22-24; Jurlando Reply Aff., ¶¶ 7-14, 22-24. In light of the Court's ruling, however, this issue need not be resolved here.

jurisdiction because the case, which arose from an alleged breach of a settlement agreement, did "not depend on resolution of a substantial question of federal law").

Moreover, the fact that Terry, Caravello and Jurlando, in the HMW Operating Agreement, agreed to arbitrate any disputes arising out the Agreement does not create a jurisdictional basis for bringing the instant action in federal court. *See Hall Street Assocs., LLC*, 552 U.S. at 582, n.2 ("Because the FAA is not jurisdictional, there is no merit in the argument that enforcing the arbitration agreement's judicial review provision would create federal jurisdiction by private contract."). In making this argument, Petitioner misapprehends the applicable law. Section 2 of the FAA provides that "*in cases* falling within a court's jurisdiction, the [FAA] makes contracts to arbitrate 'valid irrevocable and enforceable,' so long as their subject involves commerce.'" *Hall Street Assocs., LLC* , 552 U.S. at 582 (quoting 9 U.S.C. § 2) (emphasis added). Thus, the fact that parties have agreed to arbitrate their disputes does not confer subject matter jurisdiction upon federal courts, even if the underlying dispute involved interstate commerce.

Likewise, although Petitioner seeks to vacate the Arbitration Award based upon the Arbitrator's alleged violations of the FAA (Am. Pet., ¶¶ 79-99), such claims, without more, do not suffice to bring this action within the purview of federal question subject matter jurisdiction. *See Giardina*, 2009 WL 910386, at *8 (dismissing petition to vacate arbitration award for lack of subject matter jurisdiction) (citing *Minor v. Prudential Sec., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996) (finding a "motion to vacate [an arbitration decision] on grounds of fraud, corruption, undue means, evident partiality, and failure to consider pertinent and material evidence, does not require the resolution of any federal issue, let alone a 'substantial question of federal law.'");

*Perpetual Secs ., Inc.*, 1999 U.S. Dist. LEXIS 12639, at *4 (finding no subject matter jurisdiction where plaintiff brought a motion to vacate an arbitration award because "the arbitrators: 1) exceeded their authority; 2) committed various acts of misconduct; 3) manifestly disregarded the law of respondeat superior; and 4) made erroneous damage calculations").

Finally, the law is somewhat unsettled as to whether, in determining a motion to dismiss for lack of jurisdiction, the Court should look only at the issues raised in instant action (*i.e.*, in the Amended Petition to Vacate the Arbitration Award and the Motion to Dismiss), or if the Court should "look through" the petition and consider the parties' underlying dispute (*i.e.*, in the arbitration proceedings) to determine whether federal question jurisdiction exists. *See Bittner*, 331 Fed. Appx. at 871 (citing *Vaden*, 129 S. Ct. at 1273-75); *see also Kirby Morgan Drive Sys. v. Hydrospace Ltd.*, 09-4934, 2010 U.S. Dist. LEXIS 9657, at *8-9 (C.D.Ca. Jan. 13, 2010).  In *Vaden v. Discover Bank*, 129 S. Ct. 1262, 173 L. Ed. 2d. 206 (2009), the Supreme Court, addressing the jurisdiction of federal courts to hear motions to compel arbitration brought under Section 4 of the FAA, held that while Section 4 of the FAA requires a court to have independent subject matter jurisdiction over suits "arising out of the controversy between the parties," the term "controversy" referenced in the FAA is "the parties' underlying substantive controversy." *Vaden*, 129 S. Ct. at 1273.  Thus, as the Supreme Court found, district courts considering whether they have jurisdiction over an action brought to compel arbitration must "look through" the case brought under the FAA to the underlying controversy.  *See Cytec Indus., Inc. v. Powell*, 630 F. Supp. 2d 680, 686 n.2 (N.D.W.Va. 2009) (discussing and citing *Vaden*, 129 S. Ct. at 1273).

The holding in *Vaden* was explicitly limited to motions to compel arbitration brought under Section 4 of the FAA, and the Supreme Court did not make any ruling regarding whether, in determining petitions to vacate brought under Section 10, a court may likewise "look through" the petition. *See, e.g.*, *Northport Health Servs. of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 488-89 (8th Cir. 2010). But even assuming, *arguendo*, that this Court may look through the Petition in this case and examine whether the parties' underlying dispute raises a federal question, subject matter jurisdiction nonetheless does not lie. *See Bittner*, 331 Fed. Appx. at 871 ("look[ing] through" petition to vacate arbitration award and determining that the "underlying dispute is a contract question that raises only state law questions and therefore does not give rise to federal-question jurisdiction) (citation omitted); *Morgan Drive Sys.*, 2010 U.S. Dist. LEXIS 9657, at *8-9 ("the Court has subject matter jurisdiction by looking through Kirby Morgan's Petition because the arbitration involved claims of copyright and trademark infringement"). Petitioner's claims in the underlying arbitration were based upon state law, including claims for breach of the HMW Operating Agreement, violations of New York Limited Liability Law, conversion and breach of fiduciary duty. *See* Giannakos Affirm., Ex. H, ¶¶ 1, 3-7, 9. The underlying dispute between Terry, Caravello and Jurlando arose from a contract dispute that raised only state law questions and therefore that dispute does not give rise to federal question jurisdiction. *See Bittner*, 331 Fed. Appx. at 871 (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

For the foregoing reasons, the Court finds that Petitioner has not met his burden of establishing by a preponderance of the evidence that this Court has federal question subject matter jurisdiction over this action.

### 2. *Diversity Jurisdiction*

Petitioner maintains that diversity jurisdiction exists here because he is a citizen of Florida and Respondents are citizens of New York.  Terry Aff., ¶ 6.  In opposition, Respondents argue that there is no diversity because Petitioner is actually a citizen of New York and not of Florida.[10]  In the Amended Petition, Terry states as follows:

> Petitioner, Henry R. Terry . . . resides at 16 Bransford Street, P.O. Box 2148, Patchogue, New York, 11772. . . .  In accordance with 9 U.S.C. § 1 et seq., the petitioner asserts diversity jurisdiction in this action as a citizen of both the United States of America and, upon information and belief, as a citizen of the State of Florida.  Upon information and belief the petitioner asserts his rights to citizenship standing in the State of Florida via his domicile located at Garrison Bight Marina 1800 Roosevelt Boulevard, Tarpon 29 Pier, Key West, Florida and his intent to live there."

Am. Pet., ¶ 6.  In his Affidavit in Opposition to Respondent's Motion to Dismiss, Terry repeats these same statements.  Terry Aff., ¶ 6.  In the Memorandum of Law in Opposition to the Motion to Dismiss, Terry similarly asserts that "[u]pon information and belief I am a citizen of Florida because I have a domiciled within the State of Florida, and conduct business there.  The Petitioner intends to live and carries out business in Florida."  Pet.'s Mem. at 10.  Respondents, on the other hand, argue that Petitioner is not, in fact, a citizen of Florida but rather, only has a boat that he docks at a marina in Florida during holidays.  *See* Caravello Reply Aff., ¶¶ 18-19.  Respondents further contend that Petitioner "is a full-time resident of New York[.]" *Id*., ¶ 17.

This Court has original jurisdiction "of all civil actions where the matter in controversy

---

[10]     It is undisputed that Respondents Caravello and Jurlando are citizens of New York. Am. Pet., ¶¶ 26, 30; Caravello Aff., ¶ 2; Jurlando Aff., ¶ 2.  The only issue as to diversity jurisdiction is whether Petitioner is a citizen of Florida, as he alleges, or of New York, as asserted by Respondents.

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States. . . ." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires that all of the adverse parties in a suit . . . be completely diverse with regard to citizenship." *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.") (internal quotation marks omitted). The party seeking to invoke diversity jurisdiction "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Leonard J. Strandberg & Assocs. v. Misan Constr. Corp.*, 08 CV 2939, 2010 WL 1565485, at *4 (E.D.N.Y. Apr. 19, 2010) (quoting *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001); *Advani Enters, Inc. v. Underwriters at Lloyds.*, 140 F.3d 157, 160 (2d Cir. 1998).

An individual's citizenship for purposes of the diversity statute is determined by his domicile. *Leonard J. Strandberg & Assocs.*, 2010 WL 1565485, at *4 (quoting *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000)). The Second Circuit has repeatedly stated that domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo*, 232 F.3d at 42 (quoting *Lindaros v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "At any given time, a person has but one domicile." *Palazzo*, 232 F.3d at 42 (citation omtted).

There are two requirements to effect a change of domicile: (1) residence in a new domicile, and (2) the intention to remain there. *Id*. (emphasizing that both factors must be

satisfied).  "Questions as to a person's 'intent to change, or not to change, his domicile from [one state] to [another]' are 'factual' questions.  *Id*. (quoting *Katz v. Goodyear Tire & Rubber Co.*, 737 F.2d 238, 244 (2d Cir. 1984).  The party alleging that there has been a change of domicile has the burden of proving the "required . . . intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality," and must prove those facts "by clear and convincing evidence."  *Palazzo*, 232 F.3d at 42 (quoting *Katz*, 737 F.2d at 243-44).

Here, it is undisputed that Petitioner was domiciled in New York.  Petitioner's argument is that he subsequently moved to Florida, where he is now domiciled, and diversity jurisdiction therefore exists in this action.  Petitioner has not, however, presented the Court with any documentary evidence to show that he has made his "true fixed home and principal establishment" in Florida, and that he does not intend to return his domicile to New York.  *See Palazzo*, 232 F.3d at 42.  In the both the Amended Petition and his sworn affidavit, Terry asserts that he is a citizen of Florida only "upon information and belief."  Respondents, on the other hand, provide a printout from the website of Terry's business, Anything Marine, on which the "Contact Information" is listed as Terry's Patchogue address.  *See* Caravello Reply Aff., Ex. D. There is no mention of any contact information in Florida.  Moreover, in a sworn affidavit, Respondent Caravello avers as follows:

> Petitioner has a boat which he docks in Florida during his holidays.  He does not live in "Garrison Bight Marine" in Key West.  Mr. Terry docks his boat at a rental unit on site and avails himself of the rental facilities available there. (*See* Exhibit "E").  Mr. Terry is presently attempting to sell the boat.  (*See*, Exhibit "E.").

Caravello Reply Aff., ¶ 18; *see also* Resp't Reply Mem. at 4-5.  In support of these assertions, Respondents have provided a printout from the Garrison Bight Marina and a copy of Petitioner's sales offer for his boat.  *See* Caravello Reply Aff., ¶ 2 & Ex. E.

In determining whether Petitioner is domiciled in Florida, the Court has considered myriad information, including that (1) Petitioner provided his Patchogue address when he filed this action (and such address is listed on the docket); (2)  he states in all submissions that he resides at the Patchogue address; and (3) he owns at least one business which is based in New York and for which he provides the Patchogue address as his contact information.  Regarding the two requirements to establish a new domicile -- residence in a new domicile and the intention to remain there -- Petitioner has not provided the Court with the address of his new Florida domicile nor has he provided any proof of an intention to remain there.  Likewise, Petitioner has not supplied the Court with any documentary evidence to show the same.  Respondents, on the other hand, have provided specific information showing that Petitioner's purported address is actually a boat marina where he rents a slip.  In light of the information presented here, the Court finds that Petitioner has not carried his burden of proving "by clear and convincing evidence" that he has established a new domicile in Florida and that he intends to remain there.  Accordingly, diversity jurisdiction is lacking in this action.[11]

---

[11]      Although unnecessary in light of the Court's finding regarding Terry's domicile, the Court notes that in the Amended Petition, Terry alleges that as result of Respondents' conduct, he incurred damages in the approximate amount of $90,000 plus future earnings, as well one-third of HMW's proceeds, which he calculates to be approximately $2,000 per month (Am. Pet., ¶¶ 54, 63).  Thus, Terry would be able to satisfy the "amount in controversy" requirement of diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).

### 3.    *Admiralty Jurisdiction*

Finally, Petitioner appears to be attempting to establish subject matter jurisdiction based

upon admiralty provisions, 28 U.S.C. § 1333.[12]   In the Amended Petition, in the section entitled

"Subject Matter Jurisdiction," Terry alleges as follows:

- "JTC owned vessels, purchased from the petitioner, the Holiday Mansion Coastal Barracuda, and a small runabout."  Am. Pet., ¶ 37.

- Further, the JTC vessels, were used in which the Petitioner and Respondents conducted both JTC and HMW business meetings, and while conducting meetings the Holiday Mansion Coastal Barracuda was located in federal inland waterways, maintained pursuant to Federal laws and policies to promote the rules of admiralty (65 Cong.Rec. 1931 (1924) (the Act 'affects contracts relating to interstate subjects and contracts in admiralty')).  As a result this Court has subject matter jurisdiction pursuant to the Commerce Clause of the United States Constitution and Admiralty."  *Id.*, ¶ 38.

- "A meeting between the members [of JTC] was conducted while aboard Terry's Vessel the Renaissance, his domicile, while afloat in a federally maintained channel in the inland waterways."  *Id.*, ¶ 39.

Terry states nearly identical allegations in his Affidavit in Opposition to the Motion to Dismiss.

*See* Terry Aff., ¶¶ 31-33.

District courts have original jurisdiction over "(1) [a]ny civil case of admiralty or

maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise

entitled. (2) Any prize brought into the United States and all proceedings for the condemnation of

property taken as prize."  28 U.S.C. § 1333.  "When analyzing whether a claim is subject to

admiralty jurisdiction, courts are required to look to the claims' 'nature and character' to see

---

[12]    Petitioner does not specifically cite 28 U.S.C. § 1333, but rather asserts that "this Court has subject matter jurisdiction pursuant to the Commerce Clause of the United States Constitution and Admiralty" (Am. Pet., ¶ 38).  Reading the Amended Petition liberally, the Court infers that Petitioner is asserting admiralty jurisdiction under Section 1333.

whether it involves maritime services or maritime transactions." *Cosmotrade Exps., S.A. v.*

*Conchart Overseas (Ofshore) SAL*, 09 Civ. 4211, 2009 WL 2914337, at *4 (S.D.N.Y. Sept. 8,

2009) (quoting *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004)). The cause of action here is

to vacate an Award issued in an arbitration arising out of a dispute between three members of a

limited liability company that invested in real estate regarding the management and finances of

that company. Neither the instant petition to vacate the award nor the underlying arbitration

pertained to a contract dispute arising from a "maritime contract." "Traditional texts have

defined a 'maritime' contract as one that, for example, relates to a ship in its use as such, or to

commerce or to navigation on navigable waters, or to transportation by sea or to maritime

employment. . . ." *Beluga Chartering GMBH v. Korea Logistics Sys. Inc.*, 589 F. Supp. 2d 325,

327-28 (S.D.N.Y. 2008) (quoting *Stolt-Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2d Cir.

2005) (additional citation omitted). In the instant case, Petitioner's allegations in support of

admiralty jurisdiction are that JTC -- which was not the company at issue in the Arbitration, but

another company owned by the parties to the this action -- owned a boat, and that Terry,

Caravello and Jurlando conducted company business aboard boats located in federal inland

waterways.[13] Even assuming the truth of such assertions, these allegations do not suffice to

create admiralty jurisdiction in this case. The parties' agreements and subsequent disputes relate

to the operations of HMW Group, a company that was engaged in real property investments in

Albany, New York. *See* Giannakos Affirm., Ex. H; Caravello Aff., ¶ 13. The "nature and

character of the parties' exchange of promises [has] no reference to any maritime activity or

---

[13]    Respondents contest Petitioner's assertions that business related to HMW or JTC was
conducted aboard a boat in Florida. *See* Caravello Reply Aff., ¶23(f) & Ex. C.

services," and the parties never entered into any type of maritime contract. *See Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd.*, 07 Civ. 5798, 2008 U.S. Dist. LEXIS 106759, at *16-17 (S.D.N.Y. Jan. 13, 2009). Accordingly, the parties in this action are not subject to admiralty jurisdiction. *See id*. (recommending that motion to enforce settlement agreement be denied because the settlement "is not a maritime agreement subject to admiralty jurisdiction, notwithstanding that the underlying dispute related to maritime commerce") (citations omitted).

### 4.      *The Court Lacks Subject Matter Jurisdiction*

In sum, Plaintiff has not satisfied his burden of establishing, by a preponderance of the evidence, federal question jurisdiction, diversity jurisdiction, or admiralty jurisdiction in this action. Accordingly, the Court finds that there is no basis upon which this Court may exercise subject matter jurisdiction over the claims asserted by the Petitioner. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Altissima Ltd. v. One Niagra LLC*, 08-CV-756, 2010 U.S. Dist. LEXIS 11718, at *15-16 (W.D.N.Y. Feb. 8, 2010) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (additional citation omitted). Thus, in view of my finding that there is no basis for the assertion of subject matter jurisdiction over this action, I respectfully recommend to Judge Feuerstein that Respondent's Motion to Dismiss be GRANTED, and that Petitioner's Amended Petition to Vacate the Award be DENIED.

### C.    Dismissal With Or Without Prejudice

I now turn to the issue of whether the Petition to Vacate should be denied with or without prejudice.  The Second Circuit has ruled that "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice."  *Hernandez v. Conriv Realty Assocs.*, 182 F. 3d 121, 123 (2d Cir. 1999).  Accordingly, I respectfully recommend to Judge Feuerstein that the Amended Petition to Vacate be denied without prejudice.  In doing so, however, I note that Petitioner has already been given the opportunity to file an Amended Petition in order to amplify his allegations regarding the existence of jurisdictional facts, and leave the final determination of this issue to Judge Feuerstein's discretion.  Further, I point out to that "in the interest of finality, collateral attacks on subject matter jurisdiction are not permitted.  Accordingly, a party cannot seek to avoid the res judicata effect of an earlier judgment by arguing that the court entering the judgment had lacked subject matter jurisdiction over the case."  *Id*. at 123 n.3 (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1999).

## V.    Rule 11 Sanctions

Respondents move for an Order "[i]mposing sanctions upon the Petitioner, pursuant to Rule 11, for commencement of a federal action without federal jurisdiction over the subject matter[.]"  *See* DE 19.  Respondents do not make any argument in their moving papers regarding their request for Rule 11 sanctions.  In their Reply papers, Respondents assert that Petitioner should be sanctioned for his "bad faith conduct" in this action, including claiming to be "a citizen of Florida in the face of his admissions against interest that he is not a citizen of Florida[,]" and the "'intention' of the Parties to engage in commerce outside New York."  Resp't Reply Mem. at 11; *see also* Caravello Reply Aff., ¶¶ 9-24, 29-30.  Respondents further maintain that such

sanctions should be imposed, despite Petitioner's *pro se* status, because Petitioner is an "experienced litigant" who "is clearly aware of his obligation to place 'cogent evidence' on record in support of his claims. . . ."  Reply Mem. at 11; Caravello Reply Aff., ¶¶ 25-26 & Exs. G, H.  Petitioner does not address the portion of Respondents' motion seeking Rule 11 sanctions. Notwithstanding the finding that there is no basis upon which to exercise subject matter jurisdiction in this action, this Court may adjudicate the portion of Respondents' motion seeking Rule 11 sanctions.  *See Willy v. Coastal Corp.*, 503 U.S. 131, 138 (1999) (holding that imposition of monetary sanctions pursuant to Rule 11 remained valid despite a determination that federal subject matter jurisdiction did not exist) (discussed in *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999)).

Rule 11 authorizes sanctions where an attorney or unrepresented party submits a pleading, written motion or other paper (1) "for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;" (2) in which "the claims, defenses, and other legal contentions" are not supported by existing law; (3) in which the allegations and factual contentions lack evidentiary support; or (4) where the denials of factual contentions are not supported by the evidence.  Fed. R. Civ. P. 11(b).  In the event the court determines that a written submission violates Rule 11, the imposition of sanctions is entirely discretionary.  *See Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) (Rule 11(c) provides "if . . . the court determines that subdivision (b) has been violated, the court *may* . . . impose an appropriate sanction . . . .") (emphasis added)); *see also* Fed. R. Civ. P. 11 Advisory Committee Note (1993) (district "court has significant discretion in determining what sanctions, if any, should be imposed for a violation").

A motion for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Further, the moving party must comply with the strict requirements of the "safe harbor" provision contained in Rule 11, which mandates that the moving party serve the motion on the opposing party and then wait at least 21 days before filing the motion with the Court. *Id.* The motion for sanctions "must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." *Id.* Here, Respondents did not follow the procedure mandated by Rule 11 in that they filed the request for sanctions as part of the Motion to Dismiss and did not serve the Motion upon Petitioner 21 days prior to filing with the Court. Accordingly, I respectfully recommend to Judge Feuerstein that the portion of Respondents' motion seeking Rule 11 sanctions be DENIED based upon the foregoing procedural defects.[14]

## VI.  RESPONDENTS' MOTION FOR COSTS AND FEES

Respondents also move for an Order requiring Petitioner to reimburse Respondents for the costs and legal fees incurred in bringing the Motion to Dismiss. *See* DE 19. Respondents assert that the HMW Operating Agreement and the JTC Operating Agreement "impose upon the losing party the expenses of the prevailing parties' attorneys fees and disbursements, following compulsory arbitration of disputes among the parties." Resp't Mem. at 13; *see also* Caravello Aff., ¶ 18; Jurlando Aff., ¶ 18. In support of this request, Respondents have submitted copies of the Operating Agreements and their attorney's bill for legal services rendered and costs and

---

[14]     Further, where, as here, Respondents did not make any argument in their moving papers with respect to the request for Rule 11 sanctions, the Court will not consider an issue raised for the first time in reply papers.

disbursements incurred in connection with this action.  Giannakos Affirm., ¶ 19 & Ex. J; *see also* Caravello Aff., ¶ 19; Jurlando Aff., ¶ 19.  Petitioner opposes the motion on the grounds that the provision of the HMW Operating Agreement cited by Respondents is not applicable on a motion to vacate an arbitration award and that under the "American Rule," each party to a lawsuit ordinarily pays its own attorney fees.  Pet.'s Mem. at 14-15; Terry Aff., ¶ 76.

The provision of the HMW Operating Agreement at issue here provides, in pertinent part, as follows:

> It is the express intent of the Members that, under all circumstances punitive damages and the right of a jury trial shall be waived and the prevailing Member may be entitled to recover reasonable attorney's fees, court costs and expenses actually incurred in enforcing any arbitration award.  Any Member seeking to set aside this arbitration agreement by judicial action shall be responsible for all of the fees and costs, without limitation, of the Members defending against such action, irrespective of the outcome of such judicial action.

Giannakos Affirm., Ex. D, Art. VII, ¶ 7.  The relevant provision in the JTC Operating Agreement is identical.  Giannakos Affirm., Ex. E, Art. VII, ¶ 7.  In moving for reimbursement of costs and fees from Petitioner, Respondents are attempting to enforce a provision within the HMW Operating Agreement, the terms of which were the subject of the underlying Arbitration.  In light of the Court's finding that subject matter jurisdiction does not exist here, the Court is not authorized to make any ruling on the merits with respect to a provision in a contract that is not properly before it.  This Court therefore lacks jurisdiction to adjudicate Respondents' request for enforcement of the costs and fees provision set forth in the HMW Operating Agreement.  *See Altissima Ltd. v. One Niagra LLC*, 08-CV-756, 2010 U.S. Dist. LEXIS 11718, at *15 (W.D.N.Y. Feb. 8, 2010) ("Without jurisdiction the court cannot proceed *at all* in any cause.") (citation and

internal quotation marks omitted) (emphasis in original). Accordingly, I respectfully recommend to Judge Feuerstein that Respondents' motion for reimbursement of costs and fees be DENIED, without prejudice.

**VII.** <u>PETITIONER'S CROSS-MOTION TO DISQUALIFY COUNSEL</u>

In their moving papers, Respondents oppose Petitioner's "*anticipated* motion to disqualify" Constantine C. Giannakos as counsel for Respondents in this action. *See* Giannakos Affirm., ¶ 24 (emphasis added); Resp't Mem. at 12 (Mr. Terry's motion to disqualify, *if made*, must be denied in its entirety on the grounds that his claim of conflict of interest is purely speculative.") (citations omitted) (emphasis added). Although Petitioner makes certain claims regarding an alleged conflict of interest with respect to Attorney Giannakos -- including that Giannakos was "associated and worked within rooms in the office with HMW's attorney Jeffrey Stern, Esq" (Am. Pet., ¶ 128; *id*., ¶¶ 129-133) -- pursuant to the Court's directive, Petitioner did not file a cross-motion to disqualify counsel. Rather, in his Opposition papers, Petitioner briefly addressed the issue and stated he has "been instructed by this court to leave this issue until after the jurisdictional issues are resolved." Terry Aff., ¶ 73. Notably, Respondents annexed to their Motion this Court's Civil Conference Minute Order stating: "Plaintiff indicated today that he may wish to make a motion to disqualify Defendants' counsel. That issue will be taken up after a decision is rendered on the anticipated motion to dismiss." *See* Giannakos Affirm., Ex. M.

Regarding the issues raised by Petitioner with respect to Giannakos's representation of Respondents in this action, there is no motion pending and, therefore, no issue for the Court to adjudicate. The Court will not address the merits of the points raised by Respondents "in anticipation of" Petitioner's cross-motion. Even if Petitioner had filed the cross-motion (which

would have been in violation of this Court's explicit directives), in light of the findings above, the Court would not be authorized to address a motion to disqualify counsel in connection with a motion for which subject matter jurisdiction is lacking.

## VIII.   PETITIONER'S MOTION TO FILE A SUR-REPLY

Petitioner filed a letter motion seeking (1) leave to file a surreply in response to Respondents' Reply; (2) leave to file an amended affidavit in opposition to Respondents' motion to dismiss; (3) a hearing in order to submit evidence on "subject matter jurisdiction;" (4) a hearing "pursuant to the FAA's venue provisions;" (5) permission to correspond with counsel for Respondents via email; (6) leave to file a second amended Petition to Vacate the Award, in the event the request to file a surreply is denied; (7) leave to object to Respondents' moving papers on the grounds that Respondents' attorney has failed to state the authority under which he is moving and that Respondents have improperly moved for Rule 11 sanctions; (8) leave to move to strike portions of Respondent Caravello's Reply Affidavit; (9) a stay of the deadline by which to answer Respondents' counterclaims and further amend the Petition until 20 days after the resolution of the instant action; and (10) "a telephone conference to address these matters and for such other further relief the Court deems just and proper." *See* DE 30.  In light of the findings regarding the lack of subject matter jurisdiction in this matter, and as a matter within the Court's discretion regarding a sur-reply, I respectfully recommend to Judge Feuerstein that Petitioner's Motion be denied as moot.

# IX. CONCLUSION

In light of the analysis set forth above, I respectfully make the following

recommendations to Judge Feuerstein:

- that Respondents' motion to dismiss [DE 19] for lack of subject matter jurisdiction be granted;

- that Respondents' request for Rule 11 sanctions [DE 19] be denied;

- that Respondents' request for reimbursement of costs and legal fees be denied;

- that Petitioner's motion for leave to file a sur-reply [DE 30] be denied as moot; and

- that Petitioner's Amended Petition to Vacate the Arbitration Award be denied in its entirety and that this action be dismissed, without prejudice.

****

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report and

Recommendation to file written objections. *See* Fed. R. Civ. P. 6(a) and (e). Such

objections shall be filed with the Clerk of the Court via ECF, **except in the case of a party**

**proceeding *pro se*. *Pro Se* Plaintiff Henry Terry must file his objections in writing with the**

**Clerk of the Court within the prescribed time period noted above. A courtesy copy of any**

**objections filed is to be sent to the Chambers of the Honorable Sandra J. Feuerstein. Any**

**request for an extension of time for filing objections must be directed to Judge Feuerstein**

**prior to the expiration of the fourteen (14) day period for filing objections. Failure to file**

**objections will result in a waiver of those objections for purposes of appeal.** *Thomas v. Arn*,

474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Defendants' counsel is directed to serve a copy of this Report and Recommendation forthwith upon Plaintiff *Pro Se* by overnight mail and first class mail. Defendants' counsel is further directed to file proof of service on ECF.

SO ORDERED.

Dated: Central Islip, New York
August 31, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge