UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
HENRY R. TERRY,

                    Petitioner,

                ORDER
-against-               09-cv-3173(SJF)(AKT)

WAYNE CARAVELLO, MARK JURLANDO,

                    Respondents.
----------------------------------------------------------------X
FEUERSTEIN, J.

On July 23, 2009, *pro se* petitioner Henry R. Terry ("petitioner") filed a petition pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, seeking to vacate an arbitration award dated April 27, 2009 ("the arbitration award") issued by the American Arbitration Association in an arbitration entitled <u>Henry R. Terry v. Wayne Caravello, et ano.</u> On November 3, 2009, petitioner filed an amended petition seeking to vacate the arbitration award. Thereafter, respondents Wayne Caravello and Mark Jurlando (collectively, "respondents") moved, *inter alia*, to dismiss the amended petition for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. By electronic order dated November 10, 2009, the amended petition and motion to dismiss were referred to Magistrate Judge A. Kathleen Tomlinson for a report and recommendation in accordance with 28 U.S.C. § 636(b). By Report and Recommendation dated August 31, 2010 ("the Report"), Magistrate Judge Tomlinson recommended, *inter alia*, that the branch of respondents' motion seeking dismissal of the amended petition for lack of subject matter jurisdiction be granted, and that respondents' motion otherwise be denied; that petitioner's

1

application, *inter alia*, for leave to file a sur-reply be denied as moot; that the amended petition be denied; and that this action be dismissed without prejudice. Respondents served a copy of the Report on petitioner on September 8, 2010 by overnight mail. Petitioner was subsequently granted an extension of time within which to serve any objections to the Report until September 27, 2010.[1] Nonetheless, no objections have been filed to the Report. For the reasons stated herein, the Report of Magistrate Judge Tomlinson is accepted in its entirety.

I

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See, Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record. See Fed. R. Civ. P. 72(b); Johnson v. Goord, 487 F.Supp.2d 377, 379 (S.D.N.Y. 2007), aff'd, 305 Fed. Appx. 815 (2d Cir. Jan. 1, 2009); Baptichon v. Nevada State Bank, 304 F.Supp.2d 451, 453 (E.D.N.Y. 2004), aff'd,

---

[1] In addition to being mailed a copy of the order extending his time to file objections until September 27, 2010, petitioner was advised by my law clerk when he called my chambers on September 23, 2010 that his time had been extended until September 27, 2010 and that no further extensions of the time to file objections would be granted.

125 Fed.Appx. 374 (2d Cir. 2005). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b).

II

No party has filed any objections to Magistrate Judge Tomlinson's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts Magistrate Judge Tomlinson's Report as an Order of the Court. For the reasons set forth therein, the branch of respondents' motion seeking dismissal of the amended petition for lack of subject matter jurisdiction is granted, and respondents' motion is otherwise denied; petitioner's application, *inter alia*, for leave to file a sur-reply is denied as moot; and the amended petition is denied and is dismissed in its entirety without prejudice. The Clerk of the Court shall close this case.

SO ORDERED.

SANDRA J. FEUERSTEIN
United States District Judge

Dated: September 29, 2010
Central Islip, New York